**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

LYNDA DIANNE PERRY,

    Petitioner,

-vs-                                            Case No.  8:04-cv-2449-T-30MSS

JAMES V. CROSBY, JR.,

    Respondent.
_____/

## ORDER

    Before the Court is Respondent's Response, Motion to Dismiss for Lack of Exhaustion, [and] Memorandum in support thereof (Dkt. 5) and Petitioner's Motion for Stay During Pendency of Appeal (Dkt. 8).  Petitioner is a community controlee challenging her conviction for grand theft entered by the Sixth Judicial Circuit Court, Pasco County, Florida, following a trial by jury (Dkt. 1 at 2).

    Respondent asserts that the ineffective assistance of counsel claim Petitioner raises in her petition is not exhausted in state court.  In her motion to stay, Petitioner acknowledges that the Second District Court of Appeal entered an order reversing the trial court and remanding her case with directions to the "trial court to reconsider [Petitioner's] claim of ineffective assistance of counsel because [her] claim appears to be facially sufficient." *See Perry v. State*, 872 So.2d 1017 (Fla. 2d DCA 2004).  Petitioner states that "with this reversal and remand petitioner felt that she was being held in violation of her constitutional rights [and] filed" the instant petition. Acknowledging that her claims are not exhausted in state court, Petitioner requests that the Court enter a "[s]tay while the state courts resolve any constitutional issues by invoking one complete round of the State's

established appellate review process" (Dkt. 8 at 2).  Petitioner fails to cite any legal support for her request.

In 1982, the Supreme Court imposed a "total exhaustion" requirement on applications for federal habeas relief brought by state prisoners, holding that federal habeas courts must give state courts the first opportunity to decide a petitioner's claims. *See Rose v. Lundy*, 455 U.S. 509 (1982).  To effectuate that requirement, the Supreme Court directed federal habeas courts to dismiss "mixed" petitions without prejudice, allowing petitioners to return to state court.  *Id.*

Fourteen years later, Congress enacted the Antiterrorism and Effective Death Penalty Act (hereinafter "AEDPA"), codifying the exhaustion requirement.  *See* 28 U.S.C. § 2254(b)(1)(A).  One of the many features of the AEDPA was the addition of a one-year limitation period for the filing of habeas corpus petitions by state and federal prisoners. Title 28 U.S.C. § 2244(d)(1)(A) provides, in pertinent part, that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

In a recent opinion addressing the tension between AEDPA's one-year limitation period and  its holding in *Rose v. Lundy*, the Supreme Court stated:

> Congress enacted AEDPA against the backdrop of *Lundy's* total exhaustion requirement. The tolling provision in § 2244(d)(2) "balances the interests served by the exhaustion requirement and the limitation period," "by

> protecting a state prisoner's ability later to apply for federal habeas relief while state remedies are being pursued." *Duncan, supra,* at 179, 121 S.Ct. 2120. AEDPA thus encourages petitioners to seek relief from state courts in the first instance by tolling the 1-year limitations period while a "properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2). This scheme reinforces the importance of *Lundy's* "simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." 455 U.S. at 520, 102 S.Ct. 1198.

*Rhines v. Weber*, __ U.S. __, 2005 WL 711587, * 5 (Mar. 30, 2005). Recognizing that district courts ordinarily have authority to issue stays, the Supreme Court cautioned federal habeas courts that:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was *good cause* for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Id.* (emphasis added).

Petitioner has not shown good cause for staying these proceedings. A review of the record confirms that Petitioner's statutory right to seek federal habeas relief will not be compromised by dismissal of her mixed petition without prejudice. On August 27, 2003, the state appellate court affirmed Petitioner's conviction, but remanded the case with directions to the trial court to enter a new restitution order. *See Perry v. State*, 852 So.2d 938 (Fla. 2d DCA 2003). Petitioner filed an application for state post-conviction relief pursuant to Fla. R. Crim. P. 3.850 on September 30, 2003. Thus, the one-year limitation period applicable to requests for federal habeas relief was tolled before the 90-day window for filing a petition for *certiorari* in the United States Supreme Court expired. *See Bond v.*

*Moore*, 309 F.3d 770 (11th Cir. 2002) (finding that "the limitations period did not begin to run until the 90-day window during which [the § 2254 petitioner] could have petitioned the United States Supreme Court for a writ of certiorari expired."); Sup. Ct. R. 13 ("A petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed . . . within 90 days after entry of the judgment. . . . or order sought to be reviewed, and not from the issuance date of the mandate."). The appeal of the trial court's denial of the Rule 3.850 motion is currently pending. *See Perry v. State*, Case No. 2D04-5554 (Fla. 2d DCA Dec. 15, 2004).[1]

Moreover, a decision by the state appellate court favorable to Petitioner will afford her the relief she seeks in this Court. Thus, the interests of both comity and judicial economy weigh in favor of dismissing the petition without prejudice to afford Petitioner an opportunity to fully exhaust her claims in state court.

Finally, given the posture of this case, Respondent's reliance on AEDPA's deferential standard for reviewing state court judgments, *see* Dkt. 5 at 13, may be misplaced; particularly so since Petitioner has already been successful once in arguing her ineffective assistance of counsel claim before the appellate court, resulting in a remand to the trial court for further proceedings. *See Perry v. State*, 872 So.2d 1017 (Fla. 2d DCA 2004).

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's Motion for Stay During Pendency of Appeal (Dkt. 8) is **DENIED**.

2. The petition for writ of habeas corpus is **DISMISSED without prejudice** for failure to exhaust state court remedies.

---

[1] The Court takes judicial notice of information available on the database maintained by the Clerk of Court, Florida Second District Court of Appeal, http://www.2dca.org/the_clerk's_office.htm, viewed on April 20, 2005. *See* Fed. R. Evid. 201.

3. The **Clerk** shall enter judgment accordingly, terminate all pending motions, and close this case.

**DONE and ORDERED in Tampa, Florida on April 21, 2005.**

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
*Pro Se* Petitioner
SA:jsh